11-1515-cv
Lowry ex rel. J.B. v. Astrue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT: REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
KIYO A. MATSUMOTO,
*District Judge*.[*]

-----------------------------------------------------------------------

SHAVONNE LOWRY, on behalf of J.B., an infant, Soc. Sec. #XXX-XX-0475,

*Plaintiff-Appellant*,

v.                                                          No. 11-1515-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,
*Defendant-Appellee*.[**]

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     KAREN S. SOUTHWICK (Howard D. Olinsky, *on the brief*), Olinsky Law Group, Syracuse, New York.

_____

[*] Judge Kiyo A. Matsumoto of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption to read as shown above.

APPEARING FOR APPELLEE:          SERGEI ADEN, Special Assistant United States Attorney (Suzanne M. Haynes, Special Assistant United States Attorney, Stephen P. Conte, Regional Chief Counsel, Social Security Administration, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*; Victor E. Bianchini, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 30, 2011, is AFFIRMED.

Shavonne Lowry appeals from the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") determination that Lowry's infant son, J.B., was not disabled and, therefore, ineligible for Supplemental Security Income ("SSI"). We review the administrative record de novo, and will set aside the Commissioner's decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted).

Lowry argues that the administrative law judge ("ALJ") erred in (1) finding that J.B.'s asthma did not meet or medically equal a presumptively disabling condition specified in the Listing of Impairments, see 20 C.F.R. Pt. 404, Subpt. P, App. 1; (2) failing to obtain the

2

treating physician's opinion on that point; and (3) failing adequately to explain his finding that plaintiff was not credible as to the functional effect of J.B.'s asthma. We assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision to affirm.

1.    Asthma Listing Determination

For an SSI claimant's asthma to meet the requirements of the Listing of Impairments and qualify as a presumptively disabling condition, the claimant must, inter alia, suffer at least six asthma attacks within a twelve month period, "in spite of prescribed treatment and requiring physician intervention." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(B). "Attacks of asthma" are "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." Id. § 3.00(C). An inpatient hospitalization lasting more than 24 hours qualifies as two attacks. See id. § 103.03(B).

On appeal, Lowry identifies five hospital visits, including one hospitalization lasting more than 24 hours, during the twelve months between March 2006 and March 2007 that, she argues, meet the definition of asthma attacks requiring physician interventions. We agree with the Commissioner that substantial evidence supported the ALJ's determination that J.B. did not suffer six asthma attacks within the identified twelve-month period. Specifically, the ALJ noted treatment records showing that J.B. had normal oxygen saturation levels during his hospital visits, and found that J.B. did not receive "intensive treatment" during all five

3

identified visits, as would be necessary for each to count as an attack of asthma under applicable regulations. See id. § 3.00(C). Indeed, treatment records show that J.B.'s hospital visit on December 12, 2006, one of the five visits Lowry identifies as a physician intervention required by the onset of an asthma attack, was actually a pre-planned checkup with a pulmonary specialist who noted that J.B. had taken medication for a wheeze that morning and obtained relief.

Apparently conceding that J.B. did not receive "intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy" during all five identified visits, Lowry asserts in her reply brief that the intensive-treatment requirement can be satisfied not only by the treatments identified in § 3.00(C), but also by treatments of similar intensity. Even if we were to agree with this argument and not deem it waived, see Connecticut Bar Ass'n v. United States, 620 F.3d 81, 91 n.13 (2d Cir. 2010) (noting that arguments raised for first time in reply are generally deemed waived), the only treatments of comparable intensity that Lowry identifies were administered to J.B. in January and March of 2008, nearly a year outside of the twelve-month period in which she maintains that J.B. suffered six asthma attacks. Accordingly, we conclude that substantial evidence supported the ALJ's finding that J.B.'s asthma did not satisfy the requirements of the Listing of Impairments for asthma.[1]

---

[1] To the extent Lowry argues for the first time in her reply brief that J.B. could also be deemed disabled under § 103.03(C) of the Listing of Impairments, this argument is waived. See Connecticut Bar Ass'n v. United States, 620 F.3d at 91 n.13.

4

2.    Duty To Develop the Record

Lowry argues that the ALJ nevertheless committed legal error in failing adequately to develop the administrative record. Specifically, she argues that the ALJ was obligated to re-contact J.B.'s treating physician, Dr. Mary DeGuardi, to obtain additional opinion evidence, because Dr. DeGuardi's post-hearing submission to the ALJ failed particularly to state her opinion whether J.B.'s asthma met or medically equaled the listing for asthma set forth at 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03. We disagree.

Although an ALJ has an affirmative duty to develop the administrative record even when a claimant is represented by counsel, see Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996), "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim," Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks omitted); see also 20 C.F.R. § 416.912(d) (stating that before ALJ will determine that claimant is "not disabled, [ALJ] will develop [claimant's] complete medical history"). Here, the ALJ satisfied his duty by obtaining J.B.'s complete medical history, which consisted of extensive patient treatment records prepared by numerous healthcare providers, including Dr. DeGuardi and a pulmonologist. This was sufficient for the ALJ objectively to determine that J.B. had not suffered six asthma attacks within a twelve-month period as required to meet the Listing of Impairments. See 20 C.F.R. § 416.912(e) (noting ALJ's obligation to re-contact treating physician for additional information is triggered only when evidence received from treating physician "is inadequate

5

for [ALJ] to determine whether [claimant is] disabled").[2] Because the issue of whether J.B.'s asthma satisfied Listing of Impairments requirements was "reserved to the Commissioner," Dr. DeGuardi's opinion on the point had no "special significance" to the ALJ's determination and, thus, did not need to be solicited. Id. § 416.927(e)(2)–(3).

Nor did Dr. DeGuardi's post-hearing submission create "a conflict or ambiguity" in her earlier treatment reports requiring the ALJ to re-contact her. Id. § 416.912(e)(1). The fact that J.B. "sometimes" required physician intervention for "nebulizer treatments in [a medical] office," Post-Hearing Statement of Dr. Mary DeGuardi, Oct. 16, 2008, App. at 262, did not contradict treatment notes showing that J.B. had received nebulizer treatments during some of his hospital visits. Dr. DeGuardi's post-hearing statement did not establish that J.B. had received such treatments in a hospital setting six times in a twelve-month period or that such treatments constituted "intensive treatment," as the regulations required to compel a finding of disability.

3.  Functional Equivalence Determination

Even if a child's condition does not satisfy the Listing of Impairments, a child may still be considered disabled if the impairment, either alone or in combination with other

---

[2] Effective March 26, 2012, the Commissioner amended 20 C.F.R. § 416.912 to remove former paragraph (e) and the duty it imposed on ALJs to re-contact a disability claimant's treating physician under certain circumstances. See How We Collect and Consider Evidence of Disability, 77 Fed. Reg. 10,651, 10,656 (Feb. 23, 2012) (to be codified at 20 C.F.R. § 416.912) (deleting former paragraph (e) and redesignating former paragraph (f) as paragraph (e)). Here, we apply and reference the version of § 416.912(e) in effect when the ALJ adjudicated J.B.'s disability claim.

impairments, is sufficiently severe to result in limitations that functionally equal the Listing of Impairments. See 20 C.F.R. §§ 416.924(a), 416.926a(a). That is the case when a child's impairment results "in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a); see id. § 416.926a(b)(1) (listing six domains of function).

Lowry submits that the ALJ erred in finding that J.B.'s asthma did not satisfy this standard because the ALJ failed meaningfully to explain his reasons for not crediting certain evidence. "When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983). The ALJ's rationale for his adverse credibility decision is evident from his references to the medical record, which included treatment notes indicating that J.B. endured a hospital stay greater than 24 hours only once, and maintained good oxygen saturation levels despite his asthma, as well as to opinions from two state agency medical consultants who found that J.B. did not suffer a severe limitation in any of his domains of function. This was substantial evidence supporting the ALJ's decision not to credit Lowry's and other witnesses' statements as to the severity of J.B.'s impairment from asthma.

7

4.      Conclusion

We have considered Lowry's remaining arguments on appeal and conclude that they

are without merit.  Accordingly, the judgment is AFFIRMED.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, Clerk of Court