14-362-cv
Swiantek v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of January, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

_____

TAMARA SWIANTEK, on behalf of M.L.S.,

                  *Plaintiff-Appellant*,

              v.                                        14-362-cv

COMMISSIONER OF SOCIAL SECURITY,

                  *Defendant-Appellee.*

_____

Appearing for Appellant:     Kenneth R. Hiller, Amherst, N.Y.

Appearing for Appellee:      David B. Meyers, Special Assistant United States Attorney
                             (Stephen P. Conte, Regional Chief Counsel, *on the brief*), *for*
                             William J. Hochul, Jr., United States Attorney, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Tamara Swiantek appeals on behalf of her minor child, MLS, from the January 29, 2014 decision and order of the United States District Court for the Western

District of New York (Arcara, *J.*), which affirmed the determination of the Administrative Law Judge ("ALJ") that MLS was not entitled to Children's Supplemental Security Income on the basis that MLS was not disabled. Swiantek argues that the ALJ erred by: (1) concluding that MLS was not markedly limited in the domain of caring for herself; and (2) failing to sufficiently develop the record. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Kohler v. Astrue*, 546 F.3d 260, 264-65 (2d Cir. 2008)). "On appeal, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran*, 569 F.3d at 112 (internal quotation marks omitted). While we employ "a very deferential standard of review," *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012), we will not hesitate to remand for further findings or a clearer explanation "where we are unable to fathom the ALJ's rationale in relation to evidence in the record," *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (internal quotation marks omitted).

To qualify for disability benefits, a child under the age of eighteen must establish that: (1) she is not engaged in "substantial gainful activity"; (2) she has a "medically determinable impairment[ or combination of impairments] that is severe"; and (3) these severe impairments "meet, medically equal, or functionally equal the listings." 20 C.F.R. § 416.924(a)–(d); *see also Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004). As is most pertinent here, a combination of impairments "functionally equal" the listings if they "result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a. Neither party disputes the ALJ's determination that MLS was not engaged in substantial gainful activity or that MLS's bipolar disorder and attention deficit disorder constituted a "severe impairment" that rendered her "markedly impaired" in the functional domain of "[i]nteracting and relating with others." *See id.* Swiantek argues, however, that the ALJ erred in concluding that MLS was not also markedly impaired in the functional domain of "[c]aring for yourself." *See id.*

Considering the record as a whole, we conclude that substantial evidence supports the ALJ's determination that MLS was not markedly impaired in her ability to care for herself. Although Swiantek urges that MLS demonstrated her inability to regulate herself during several incidents in which she made suicidal gestures and remarks, the contemporaneous notes of her own treating physicians describe MLS during these events as "attention seeking" or as making a "situational threat" with no evidence of "acute lethality that would warrant acute inpatient care." After reviewing these treatment notes, the ALJ emphasized the lack of restrictions placed on the claimant by the treatment doctor and observed that MLS has not generally received the type of medical treatment that one would expect for a totally disabled individual. "It is not our function to determine *de novo* whether [MLS] is disabled." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Accordingly, we accept the ALJ's determination that MLS's psychological disorders did not render her markedly impaired in this functional domain, where, as in this case, it is supported

2

by "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." *Moran*, 569 F.3d at 112 (internal quotation marks omitted).

We also reject Swiantek's assertion that remand is necessary in light of the ALJ's failure to procure an opinion from one of MLS's treating physicians as to whether MLS was markedly impaired in the domain of caring for herself. "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or by a paralegal." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (internal alterations and quotation marks omitted). The ALJ's duty to develop the record reflects "the essentially non-adversarial nature of a benefits proceeding." *Pratts*, 94 F.3d at 37 (internal quotation marks omitted); *see also Sims v. Apfel*, 530 U.S. 103, 111 (2000) ("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79 n.5 (quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)).

The ALJ in this case based his findings on the psychiatric evaluation of a consultative psychologist who personally examined MLS as well as MLS's complete medical history and treatment notes, which themselves contained multiple psychological assessments of MLS. Although the Social Security regulations express a clear preference for evidence from the claimant's own treating physicians over the opinion rendered by a consultative examiner, *see* 20 C.F.R. § 416.912,[1] this Court does not always treat the absence of a medical source statement from claimant's treating physicians as fatal to the ALJ's determination, *see Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33–34 (2d Cir. 2013). Given the extensive medical record before the ALJ in this case, we hold that there were no "obvious gaps" that necessitate remand solely on the ground that the ALJ failed to obtain a formal opinion from one of MLS's treating physicians regarding the extent of MLS's impairments in the functional domain of caring for oneself. *See Rosa*, 168 F.3d at 79 n.5.

We have considered the remainder of Swiantek's arguments and find them to be without merit. Accordingly, the order of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Effective March 26, 2012, the Commission amended 20 C.F.R. § 416.912. Because the ALJ decision on review was issued on August 15, 2011, those amendments are not applicable to this case. *See Lowry v. Astrue*, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) ("[W]e apply and reference the version of § 416.912(e) in effect when the ALJ adjudicated [the claimant's] disability claim.").

3