13-4217-cv
*Domm v. Colvin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

JANICE ELIZABETH DOMM,

> *Plaintiff-Appellant*,

> v.                                                      No. 13-4217-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER OF
SOCIAL SECURITY,

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          KENNETH R. HILLER, Law Offices of
                                                       Kenneth Hiller, PLLC, Amherst, NY.


**FOR DEFENDANT-APPELLEE:**          SERGEI ADEN, Special Assistant United States
                                                       Attorney, Stephen P. Conte, Office of the
                                                       General Counsel, Social Security

1

Administration, New York, NY, William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY, *on the brief*.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Janice Elizabeth Domm ("Domm") appeals from a judgment upholding the decision of the Acting Commissioner of Social Security, Carolyn W. Colvin (the "Commissioner"),[1] that Domm was not entitled to disability benefits under the Social Security Act (the "Act").

On February 5, 2010, Domm filed an application for disability insurance benefits, which was denied. Domm then requested a hearing before an administrative law judge ("ALJ"), which took place on August 19, 2011. On September 15, 2011, the ALJ denied Domm's claim, finding her not disabled under the Act. Domm requested review by the Appeals Council, which denied her request on September 27, 2012. Domm then appealed to the District Court, which entered judgment for the Commissioner on August 29, 2013. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's judgment on the pleadings *de novo*. *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). Our review of a denial of social security disability benefits focuses on the administrative ruling rather than the district court's decision. *See Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). We evaluate whether the decision was "supported by substantial evidence," which means "more than a mere scintilla. . .[and as much as] a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Once an ALJ finds facts, the court "can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citations and internal quotation marks omitted). In deciding whether substantial evidence exists, the court "defer[s] to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). We also determine whether incorrect legal standards were applied. *See Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013).

To qualify for social security benefits, a claimant must prove "disability," which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security in February 2014, and accordingly is the appellee in this action. When we refer to the "Commissioner," we refer to the office and to its occupant at the relevant time.

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered disabled if his or her physical and/or mental impairment prevents him or her from engaging not only in prior work, but also in any suitable work that exists in the national economy. *Id.* § 423(d)(2)(A).

A Social Security Administration regulation promulgated by the Commissioner created a five-step evaluation process that is used to determine if a claimant is entitled to disability benefits. *See* 20 C.F.R. § 404.1520(a)(4). Applying that process, the ALJ found that Domm retained the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that she needed a sit/stand option; could not climb stairs or be exposed to chemicals, fumes, or other irritants; and had to be able to be off task for five percent of the day to stabilize her sugar levels.

On appeal, Domm argues that the ALJ erred by not following the "treating physician rule," which "generally requires a measure of deference to the medical opinion of a claimant's treating physician." *Halloran*, 362 F.3d at 31. However, "the opinion of the treating physician is not afforded controlling weight where…the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Id.* at 32 (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). Here, the ALJ pointed to substantial evidence for giving the narrative statement of Domm's treating physician, Dr. Blackburn, only probative weight, noting that Blackburn's restrictive assessment was inconsistent with his own treatment notes, with the conclusions of other medical experts, and with Domm's testimony regarding her daily functioning.

However, we remind the Commissioner that where a treating physician's opinion is not given controlling weight, the regulations direct the ALJ to explain in the decision the weight given to the opinions of nonexamining state agency consultants, treating sources, nontreating sources, and other nonexamining sources. 20 C.F.R. § 404. 1527(e)(2)(ii). Here, the ALJ gave the opinion of Domm's consulting physician, Dr. Boehlert, significant weight. As we have previously cautioned, "ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Selian* v. *Astrue,* 708 F.3d 409, 419 (2d Cir. 2013); *Cruz* v. *Sullivan,* 912 F.2d 8, 13 (2d Cir. 1990).

Domm also alleges that the ALJ erred by failing to make a function-by-function assessment of her limitations. But, as we have noted, "[w]here an ALJ's analysis…regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, … remand is not necessary merely because an explicit function-by-function analysis was not performed." *Cichocki*, 729 F. 3d at 177.

Having conducted a plenary review of the administrative record, we conclude that the Commissioner's decision was supported by substantial evidence, and did not involve an incorrect application of legal standards. We affirm, substantially for the reasons articulated by the District Court in its Decision and Order. *See Domm v. Colvin*, No. 12 Civ. 6640, 2013 WL 4647643 (W.D.N.Y. Aug. 29, 2013).

## CONCLUSION

We have considered all of Domm's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the August 29, 2013 decision of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4