14-1579-cv
*Fox v. Colvin*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of January, two thousand fifteen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges.*

---

RONALD ROBERT FOX, III,

     *Plaintiff-Appellant,*

       v.                                                      No. 14-1579-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER OF
SOCIAL SECURITY,

     *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:    HOWARD D. OLINSKY, Olinsky Law Group, Syracuse, NY.

FOR DEFENDANT-APPELLEE:    DANIEL R. JANES, Special Assistant U.S. Attorney *for* Richard S. Hartunian, United States Attorney, Northern District of New York; Stephen P Conte, *on the brief,* Regional Chief Counsel, Social Security Administration, New York, NY.

Appeal from a March 25, 2014 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff Ronald Robert Fox, III appeals from the judgment of the District Court affirming the denial by the Commissioner of Social Security of Fox's application for Social Security benefits pursuant to 42 U.S.C. § 405(g). In reviewing the denial of an SSI claim, "[w]e undertake a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009). Pursuant to 42 U.S.C. § 405(g), this Court's review is limited to determining whether the Commissioner applied the correct legal standard and whether substantial evidence supported its conclusions. *See Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013). "Substantial evidence means more than a mere scintilla[;] [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)). In evaluating whether the requisite substantial evidence exists, we "defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and can reject findings of fact "only if a reasonable factfinder would *have to conclude otherwise*," *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted). In applying these standards here, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiff challenges the disability determination on the grounds that the Administrative Law Judge ("ALJ") improperly discounted Fox's treating physician's opinion and improperly assessed witness credibility. Plaintiff's argument that the ALJ improperly evaluated the opinions provided by Dr. Wang and Nurse Practitioner Vierhile is belied by the ALJ's opinion itself, which states that the form report completed by Dr. Wang and Nurse Practitioner Vierhile "has been considered," but was unpersuasive in certain respects to the ALJ because "certain of the more extreme/marked limitations assessed are inconsistent with the claimant's activities of daily living and the record as a whole, and are unsupported by contemporaneously reported examination notes." Appellant's App'x at 46. Where, as here, a treating physician's assessment is contradicted by other substantial record evidence, including the testimony of the plaintiff and the opinions of other medical experts, the ALJ properly denied controlling weight to Dr. Wang and Nurse Practitioner Vierhile's form report. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

The ALJ's impairment and credibility determinations are also supported by substantial evidence. The ALJ carefully evaluated the record regarding Fox's limitations (or lack thereof) in the six functional equivalency domains set forth in 20 C.F.R. 416.926a, concluding that Fox had a

marked limitation in interacting and relating with others, less than marked limitations in four other domains and no significant limitations at all in a final domain. In so determining, the ALJ relied upon extensive record evidence, including testimony from Fox and his mother, Fox's school reports, physician and medical expert reports, and information regarding Fox's successful participation in a vocational welding program, ability to pass the GED exam in one sitting, involvement in a recreational bowling league, and relationship with a long-term girlfriend. Based upon our independent review of the record, we conclude that the ALJ's decision was supported by substantial evidence, and that plaintiff's arguments to the contrary are unpersuasive.

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 25, 2014 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk