12-3343-cv
Cichocki v. Astrue

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

August Term 2012

(Argued: April 26, 2013          Decided: September 5, 2013)

No. 12-3343-cv

_____

MELANIE CICHOCKI,
*Plaintiff-Appellant,*


-v.-


MICHAEL J. ASTRUE, Commissioner of Social Security
*Defendant-Appellee.*

_____

Before:      CALABRESI, LIVINGSTON, and LYNCH, *Circuit Judges.*

Appeal from the judgment of the United States District Court for the Western District of New York (Skretny, *J.*), entered July 30, 2012, granting defendant's motion on the pleadings and dismissing Plaintiff-Appellant's complaint challenging the denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. We hold that the failure to conduct an explicit function-by-function analysis at Step Four of a disability determination is not a *per se* ground for remand. Because the Administrative Law Judge's ("ALJ") Step Four analysis provides a basis for meaningful judicial review, applies the correct legal standards, and because substantial evidence supports the ALJ's residual functional capacity determination, we AFFIRM the judgment below.


JAYA A. SHURTLIFF, Law Offices of Kenneth Hiller, PLLC, Amherst, New York, *for Plaintiff-Appellant.*

DENNIS J. CANNING, Special Assistant U.S. Attorney (STEPHEN P. CONTE, Regional Chief Counsel, Social Security Administration, *on the brief*) *for* WILLIAM J. HOCHUL, JR., United States Attorney for the Western District of New York, *for Defendant-Appellee.*

PER CURIAM

Plaintiff-Appellant Melanie Cichocki ("Cichocki") appeals from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*), entered July 30, 2012, dismissing her complaint challenging the denial of disability insurance benefits under Title II of the Social Security Act (the "SSA" or "Act"), 42 U.S.C. § 401 *et seq.* The district court granted the motion of defendant Commissioner of Social Security ("Commissioner") for judgment on the pleadings, finding substantial evidence to support the Commissioner's denial of benefits, which was on the ground that Cichocki was not disabled within the meaning of the Act. On appeal, Cichocki argues, *inter alia*, that the Administrative Law Judge ("ALJ") who reviewed her claim, and whose decision became that of the Commissioner, erred by failing explicitly to engage in a function-by-function assessment of her limitations and restrictions as part of his residual functional capacity ("RFC") analysis at Step Four.[1] For the reasons

---

[1] The Commissioner of Social Security has promulgated regulations that set forth a "five-step sequential evaluation process," 20 C.F.R. § 404.1520(a)(4), to guide disability determinations:

The first step of this process requires the Secretary [of Health and Human Services] to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform her past relevant work. Finally, if the claimant is unable to perform her past relevant work, the Secretary

stated below, we conclude that the failure explicitly to engage in such a function-by-function analysis does not constitute a *per se* error requiring remand. Because the ALJ's Step Four analysis of Cichocki's limitations and restrictions provides an adequate basis for meaningful judicial review, the ALJ's determination applies the correct legal standards, and because it is supported by substantial evidence, remand is not required. In an accompanying summary order filed today, we reject Cichocki's remaining arguments. Accordingly, we affirm the judgment of the district court.

**BACKGROUND**

Cichocki, who has a high school education, was 37 years old when she filed for disability insurance benefits on April 7, 2009. After the Commissioner denied her application, she filed a written request for a hearing, which was held on January 6, 2011, and at which Cichocki, represented by counsel, testified. Cichocki worked from 1995 to 2001 as a nurse's aide or home health aide but stated at the hearing that she could no longer lawfully work in this capacity.[2] From 2002 to 2008, Cichocki held various positions, working as a supermarket cashier and bakery clerk, and also working for a janitorial company and a temporary employment agency. Cichocki has

---

determines whether the claimant is capable of performing any other work. If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the Secretary to prove in the fifth step that the claimant is capable of working.

*Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

[2] Cichocki does not dispute that she was discharged from health care-related employment for not following directions or disregarding patient care protocols, and that she has been sued by patients alleging injury in her care.

3

no record of employment since October 20, 2008, when she suffered a seizure at her Buffalo, New York home and received emergency care at Buffalo's Mercy Hospital before returning home later that day.

Based on his determination that Cichocki was not disabled, as defined in the SSA, the ALJ issued a decision denying Cichocki's claim in May 2011. Employing the five-step evaluation process set out in 20 C.F.R. § 404.1520(a)(4), the ALJ found at Step One that Cichocki was not engaged in substantial gainful activity and, at Step Two, that she suffered from impairments, including a seizure disorder, back pain, and bipolar disorder. The ALJ determined that Cichocki had severe impairments, as defined in the Act, consisting of a history of seizure activity and "mild degenerative disc disease of the lumbar spine and mild facet arthropathy." He determined that Cichocki's bipolar disorder did not constitute a severe impairment under the SSA because Cichocki had experienced no episodes of decompensation of extended duration and had only mild limitations as to her activities of daily living and social functioning, as well as concentration, persistence, or pace. *See* 20 C.F.R. § 404.1520a(d)(1).

As relevant here, the ALJ found at Step Three that Cichocki's impairments did not meet or medically equal the specified criteria of any listed impairment, so that a finding of disability was not permitted at Step Three. As a result, the ALJ undertook a Step Four assessment, which focuses on whether, despite a disability claimant's severe impairments, the claimant "possesses the residual functional capacity to perform her past relevant work." *Perez*, 77 F.3d at 46.

4

At Step Four, the ALJ determined that Cichocki was able to perform light work as defined in 20 C.F.R. § 404.1567(b), that she could occasionally be exposed to extreme heat or cold, but that she could "never work at unprotected heights or around mechanical parts, and never operate a motor vehicle in a work environment." The ALJ's assessment did not explicitly analyze Cichocki's work-related abilities on a function-by-function basis. *See* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Discussing the limitations relied upon by Cichocki, however, the ALJ noted that Cichocki's seizures "are transient in nature and by November 2010 were considered nearly completely controlled by medication." The ALJ referenced the report of one of Cichocki's treating physicians, Dr. McLean, who "found the claimant able to lift/carry 20 pounds continuously and up to 50 pounds occasionally, sit for six hours, stand for four hours and walk for three hours in an eight-hour workday," as well as "occasionally climb stairs and ramps, stoop, kneel, and crouch." The ALJ also recited Cichocki's own observations as to her daily activities:

> In a Daily Activities Questionnaire the claimant said that her typical activities included doing "whatever chores needed to be done that day," walking her dogs, going to scheduled appointments, watching television, reading, preparing meals, cleaning her house, doing laundry, and weeding and other yard work. She enjoyed bird watching. She said she got out often, but did not drive due to seizure activity that was still under investigation. With regard to exertional ability, the claimant stated that she had no difficulties kneeling, climbing stairs, standing, walking or sitting.

Given the ALJ's conclusion that Cichocki could perform light work with the restrictions he specified, the ALJ found that Cichocki would be capable of performing two of her past jobs including, as relevant here, the job of bakery clerk, and was thus not disabled.

5

The Appeals Council denied Cichocki's request for review on August 11, 2011. On September 8, 2011, Cichocki commenced this action. In granting the Commissioner's motion for judgment on the pleadings and dismissing the case, the district court held that substantial evidence supports the ALJ's determination that Cichocki is not disabled within the meaning of the Act. *Cichocki v. Astrue*, No. 11 Civ. 755, 2012 WL 3096428 (W.D.N.Y. July 30, 2012). Relevant here, the district court held that remand was not required even though the ALJ did not conduct a function-by-function analysis as part of his Step Four RFC determination. Cichocki subsequently filed this timely appeal.

## DISCUSSION

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Kohler v. Astrue*, 546 F.3d 260, 264-65 (2d Cir. 2008) (quoting *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000)). We "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* at 265 (quoting *Shaw v. Carter*, 221 F.3d 126, 131 (2d Cir. 2000)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "The claimant has the general burden of proving that he or she has a disability within the meaning of the Act, and bears the burden of proving his or her case at steps one through four of the sequential five-step framework established in the SSA regulations." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and citation omitted).

6

As relevant here, Cichocki argues that the ALJ's failure to conduct an explicit function-by-function analysis in concluding, at Step Four, that she was able to return to her past work as a bakery clerk is a *per se* error requiring remand. For the following reasons, we disagree.

A claimant is disabled and entitled to disability insurance benefits if she is unable to "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If a claimant has a severe impairment limiting "her mental or physical ability to do basic work activities" but not constituting a listed impairment in Appendix 1 of the Social Security regulations, the Commissioner asks, at Step Four, "whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform . . . her past work." *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir. 1998)). Social Security Ruling 96-8p provides that an individual's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

Before an ALJ classifies a claimant's RFC based on exertional levels of work (*i.e.,* whether the claimant can perform sedentary, light, medium, heavy, or very heavy work), he "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the

7

functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." *Id.* at *1. The functions described in paragraphs (b), (c), and (d) of 20 CFR §§ 404.1545 and 416.945 include physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions; mental abilities such as understanding, remembering, carrying out instructions, and responding appropriately to supervision; and other abilities that may be affected by impairments, such as seeing, hearing, and the ability to tolerate environmental factors. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p, 1996 WL 374184, at *5-6. Social Security Ruling 96-8p cautions that "a failure to first make a function-by-function assessment of the individual's limitations or restrictions could result in the adjudicator overlooking some of an individual's limitations or restrictions," which "could lead to an incorrect use of an exertional category to find that the individual is able to do past relevant work" and "an erroneous finding that the individual is not disabled." 1996 WL 374184, at *4.

We have not yet declared whether an ALJ's failure to conduct an explicit function-by-function analysis at Step Four regarding the numerous illustrative functions listed in paragraphs (b), (c), and (d) is a *per se* error requiring remand. *See Knighton v. Astrue* 861 F. Supp. 2d 59, 66 (N.D.N.Y. 2012) ("The courts are divided as to whether the failure to provide a function-by-function analysis is *per se* grounds for remand or whether it may constitute harmless error."); *Drennen v. Astrue*, No. 10 Civ. 6007, 2012 WL 42496, at *4 (W.D.N.Y. Jan. 9, 2012) (noting that while the Second Circuit "has yet to address the obligation of an ALJ to conduct a function-by-function analysis before expressing the RFC in terms of exertional levels of work," at least five

8

circuit courts "have found that an ALJ is not required to discuss each factor in [his] opinion"). We have said more generally (and now repeat) that where we are "unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ," we will not "hesitate to remand for further findings or a clearer explanation for the decision." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). The automatic remand rule urged by Cichocki, however, goes far beyond this sensible practice. As already noted, the functions in paragraphs (b), (c), and (d) of 20 CFR §§ 404.1545 and 416.945 are only illustrative of the functions potentially relevant to an RFC assessment. Adopting a *per se* rule that these functions must be explicitly addressed on pain of remand (no matter how irrelevant or uncontested in the circumstances of a particular case) would thus not necessarily ensure that all relevant functions are considered. Any such rule in this Circuit, moreover, would put us at odds with sister Circuits who have recognized that an ALJ need not expressly discuss a claimant's capacity to perform each work-related function before classifying the claimant's RFC in exertional terms.

We decline to adopt a *per se* rule. The relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence. Where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, we agree with our sister Circuits that remand is not necessary merely because an explicit function-by-

9

function analysis was not performed. *See Zatz v. Astrue*, 346 F. App'x 107, 111 (7th Cir. 2009) ("[A]n ALJ need not provide superfluous analysis of irrelevant limitations or relevant limitations about which there is no conflicting medical evidence."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."); *Depover v. Barnhart*, 349 F.3d 563, 567-68 (8th Cir. 2003) ("[W]e believe that the ALJ implicitly found that Mr. Depover was not limited in these functions, and in this instance we do not see any reason to remand to make the findings explicit."); *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) ("Although SSR 96–8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged."). Remand may be appropriate, however, where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (remanding where "the ALJ failed to resolve the inconsistencies in the evidence" regarding claimant's residual functional capacity).

Here, the ALJ's decision did not include an explicit function-by-function analysis of all possible limitations, but did address all relevant limitations. Moreover, the ALJ's conclusion is supported by substantial evidence. In determining Cichocki's physical limitations, the ALJ cited Dr. MacLean's medical assessment for the proposition that Cichocki can "lift/carry 20 pounds continuously and up to 50 pounds occasionally, sit

10

for six hours, stand for four hours and walk for three hours in an eight-hour workday." The ALJ also noted that Cichocki can occasionally stoop, kneel, crouch, and climb stairs and ramps; can occasionally be exposed to temperature extremes; and could never crawl, climb ladders or scaffolds, balance, operate a motor vehicle, or work around unprotected heights or moving mechanical parts. The ALJ also relied on Cichocki's Daily Activities Questionnaire on which she indicated that she performed numerous daily tasks, such as walking her dogs and cleaning her house, that are consistent with a residual capacity to perform light work. He addressed the impact of Cichocki's seizure disorder, noting that it was "well controlled on medication."

Based on a thorough examination of the evidence of Cichocki's relevant limitations and restrictions, the ALJ concluded that Cichocki's impairments did not preclude her from light work, subject to specified modifications.[3] This determination applied the proper legal standards and was supported by substantial evidence. That the ALJ did not explicitly make additional superfluous findings on a function-by-function basis is not a ground for remand.

---

[3] Cichocki argues that the ALJ's RFC determination was also flawed because it did not take into account mental limitations resulting from her bipolar disorder. At Step Four, however, the ALJ is instructed to consider the effect of a claimant's severe impairments on her capacity to perform former relevant work. 20 C.F.R. § 404.1520(a)(4). Having determined at Step Two that Cichocki's bipolar disorder did not constitute such an impairment, the ALJ did not err in failing to assess the impact of this disorder at Step Four. Cichocki's further argument that the ALJ erred at Step Two in assessing the severity of her bipolar disorder is addressed in the summary order that accompanies this per curiam opinion.

11

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.