16-875
LaValley v. Colvin.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         SUSAN L. CARNEY,
                   <u>Circuit Judges</u>,
         KATHERINE POLK FAILLA,[*]
                   <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
CORA LAVALLEY,
         <u>Plaintiff-Appellant</u>,

         -v.-                                    16-875

CAROLYN W. COLVIN, Commissioner of
Social Security,
         <u>Defendant-Appellee</u>,

- - - - - - - - - - - - - - - - - - - -X

---

[*] Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**       MARK SCHNEIDER, Law Office of
                         Mark A. Schneider, Plattsburgh,
                         NY.

**FOR APPELLEES:**       KAREN T. CALLAHAN (with Stephen
                         P. Conte on the brief), for
                         Richard S. Hartunian, United
                         States Attorney for the Northern
                         District of New York.

Appeal from the judgment of the United States District Court for the Northern District of New York (Peebles, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Cora LaValley appeals from the judgment of the United States District Court for the Northern District of New York (Peebles, <u>M.J.</u>), affirming Administrative Law Judge ("ALJ") Paul Kelly's denial of disability benefits and supplemental security income on the ground that LaValley is not "disabled" within the meaning of the relevant statutes. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. LaValley contends that the ALJ afforded too much weight to the opinions of consultative physicians, and not enough weight to other sources who had a longer relationship with LaValley. In particular, LaValley argues that the ALJ should have given more than merely "some weight" to evidence produced by LaValley's nurse practitioner, Marilyn McClure. Special App'x at 25.

LaValley does not clearly explain why she benefits from this argument, given that the ALJ's findings are broadly consistent with McClure's medical determinations. For example, McClure submitted a document in which she stated that LaValley's capacity to walk, stand, sit, lift, or climb stairs was "very limited." Admin. Record at 574. The ALJ's findings are not to the contrary: LaValley could "lift up to 10 pounds occasionally, stand and walk for about two hours in an eight-hour workday and sit for up to six hours in an eight-hour workday with normal breaks," Special App'x at 21; LaValley could "occasionally climb ramps or stairs, balance, and stoop," but "[s]he can never climb ladders . . . kneel, crouch, or crawl." <u>Id.</u> LaValley does not identify how the

2

ALJ's determination would have changed simply by giving more weight to McClure's evidence.[1]

LaValley suggests that the ALJ would have necessarily found LaValley to be disabled if the ALJ had given appropriate weight to McClure's opinion that LaValley could not perform any work because of her chronic back problems and morbid obesity. However, whether LaValley qualifies as "disabled" under the statute is a decision reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1).

LaValley's brief could also be construed as arguing that McClure is a "treating source" within the meaning of Social Security Administration regulations. If so, McClure's testimony could be entitled to "controlling weight." 20 C.F.R. § 404.1527(c)(2). To the extent this is LaValley's argument, she is incorrect. Only "acceptable medical sources" may be considered "treating sources." Id. § 404.1502. A nurse practitioner is not an "acceptable medical source." Id. § 404.1513(a), (d).

2. LaValley argues that the ALJ failed to consider her impairments in combination when determining whether she was disabled. LaValley is incorrect. The ALJ expressly recognized that he must consider impairments in combination. There is no reason to suspect that the ALJ considered LaValley's impairments in isolation.

As to LaValley's broader challenge, we may overturn the ALJ's disability finding on evidentiary grounds only if it is unsupported by substantial evidence. 42 U.S.C. § 405(g); see Cichocki v. Astrue, 729 F.3d 172, 175-76 (2d Cir. 2013). The ALJ considered (inter alia) LaValley's testimony regarding her daily routine, various medical tests, and reports from numerous medical sources to conclude that LaValley was not disabled. These sources constitute substantial evidence from which the ALJ could conclude that LaValley is not disabled.

---

[1] McClure and the ALJ do squarely conflict in one respect. Whereas McClure found that LaValley would need to be able to switch from standing to sitting every ten to fifteen minutes, the ALJ found that LaValley would need to do so every thirty minutes. However, LaValley does not appear to argue that resolving this single discrepancy in her favor would have led the ALJ to deem her disabled.

3. LaValley asserts that the ALJ gave insufficient credence to her own testimony regarding her level of pain. See Special App'x at 22 ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible."). LaValley contends that the ALJ discounted her testimony chiefly because (a) she had stated--in a previous application for unemployment benefits--that she was able to work, (b) she had incorrectly stated the period in which she received unemployment benefits, and (c) the ALJ had personally observed her sitting still for thirty minutes without the need to stand up. LaValley challenges these observations as providing an improper basis on which to reject her testimony.

An ALJ must *consider* a claimant's testimony, but may look to other evidence in determining credibility. See 20 C.F.R. §§ 404.1529(c); 416.929(c). Here, the ALJ considered various sources of evidence and justifiably declined to give less than determinative weight to LaValley's testimony regarding the debilitating effects of her pain. For example, the ALJ looked to LaValley's daily routine; she stated that she could clean the house, do laundry, dress and bathe herself, and perform childcare, among other activities. See 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" as an appropriate consideration in determining a claimant's level of pain). The ALJ also analyzed numerous medical reports in determining how much credence to give LaValley's testimony.

LaValley complains that the ALJ gave improper weight to her receipt of unemployment insurance and the ALJ's personal observations of LaValley at the hearing. However, the ALJ did not rely solely on these grounds, and in fact considered many other types of evidence in depth. We see no reason to disturb the ALJ's credibility findings.[2]

4. LaValley asserts that the ALJ erroneously premised the disability decision on the ground that LaValley had failed to follow medical recommendations to lose weight.

---

[2] Additionally, LaValley appears to concede that an ALJ may give some consideration to the ALJ's personal observations as well as a claimant's receipt of unemployment insurance.

4

LaValley's premise is incorrect.  The ALJ did not ground its disability decision on her failure to lose weight.

For the foregoing reasons, and finding no merit in LaValley's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5