*Janes v. Berryhill*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand eighteen.

PRESENT:   GUIDO CALABRESI,
           JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*

---

DENNIS H. JANES,

> *Plaintiff-Appellant*

> v.                                                    17-1096

NANCY A. BERRYHILL, ACTING COMMISSIONER OF
SOCIAL SECURITY,

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Peter W. Antonowicz, Law Offices of
                                      Peter W. Antonowicz, Rome, NY.

**FOR DEFENDANT-APPELLEE:**                    Prashant Tamaskar *for* Grant C. Jaquith,
                                                United States Attorney for the Northern
                                                District of New York, Stephen P. Conte,
                                                Regional Chief Counsel—Region II,
                                                Office of the General Counsel of the
                                                Social Security Administration, New York,
                                                NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 10, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Dennis H. Janes ("plaintiff" or "Janes") appeals from a judgment of the District Court affirming the Administrative Law Judge's ("ALJ") denial of his application, pursuant to Title II of the Social Security Act (the "SSA"), 42 U.S.C. §§ 416(i) & 423 for disability insurance benefits. The District Court granted the motion of the Commissioner of Social Security ("defendant" or "Commissioner") for judgment on the pleadings, finding that the ALJ's denial of benefits, on the ground that Janes was not disabled within the meaning of the SSA, was supported by substantial evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On June 3, 2014, plaintiff applied for a period of disability and disability insurance benefits, alleging disability beginning on April 28, 2014. Plaintiff's application was denied on August 25, 2014, after which he timely requested a hearing before an ALJ. On May 8, 2015, the ALJ issued a written decision finding plaintiff not disabled under the SSA. Plaintiff's request for review by the Appeals Council was denied, at which point he filed suit in District Court. The parties then filed cross-motions for judgment on the pleadings. The District Court denied plaintiff's motion and granted defendant's motion, finding the ALJ's decision supported by substantial evidence. This appeal followed.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008). Our review is limited to determining whether the Commissioner's decision is based on legal error or her factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g); *see also Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013). We conduct a plenary review of the record to determine whether there is substantial evidence to support the Commissioner's decision and whether the

2

correct legal standards were applied. *Cichocki*, 729 F.3d at 176. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

Plaintiff raises two claims on appeal. He first argues that the ALJ failed to develop the factual record because the ALJ did not obtain his medical records from the Veteran's Administration for the ten months preceding the ALJ's decision. He next argues that the Commissioner committed legal error by obtaining consultative examinations from non-treating doctors, without giving him notice of his right to object to the sources to be used. Janes contends that this practice violated his due process rights. Both of these arguments are without merit.

Upon a review of the record, and substantially for the reasons set forth by the District Court, we conclude that the ALJ properly gathered and analyzed the evidence necessary to form a determination as to plaintiff's disability. The record in front of the ALJ contained (1) plaintiff's treatment records from the Veterans Administration from at least 2006 through July 31, 2014; (2) a consultative physical examination report and opinion from Tanya Perkins-Mwantuali, M.D., dated July 31, 2014; and (3) a psychiatric consultative examination report and opinion from Jacqueline Santoro, Ph.D., dated July 31, 2014. The record contained over 450 pages of plaintiff's medical history for the 8 years prior to the filing of his claim. The ALJ is not required to develop the record any further when the evidence already presented is "adequate for [the ALJ] to make a determination as to disability." *See Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996).

Upon a review of the record, we also conclude the Commissioner did not err in hiring non-treating consultative medical examiners to evaluate the plaintiff. The Commissioner has clear discretion to solicit the opinion of a non-treating physician. *See* 20 C.F.R §§ 404.1519g, h. The Commissioner retained an experienced and competent doctor associated with a practice that has a history of providing consultative examinations for the purposes of determining eligibility for disability benefits. Furthermore, the record does not indicate that plaintiff requested that he be evaluated by his treating physicians, or that he timely objected to being evaluated by other doctors.

We similarly reject plaintiff's due process challenge to the lack of notice of his right to object. "Due process cases have long recognized that publication in the Federal Register constitutes an adequate means of informing the public of an agency action." *Perales v. Reno*, 48 F.3d 1305, 1316 (2d Cir. 1995). Here, the Federal Register provided this required notice: "You or your representative may object to your being examined by a medical source we have designated to perform a consultative examination." 20 C.F.R. § 404.1519j.

**CONCLUSION**

We therefore conclude, on the basis of the whole record, that the Commissioner's finding of no disability is supported by substantial evidence. We thus AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk