17-746-cv
*Perry v. Commissioner of SSA*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand eighteen.

PRESENT:  PIERRE N. LEVAL,
          GUIDO CALABRESI,
          JOSÉ A. CABRANES,
              *Circuit Judges.*

---

JUNELLE I. PERRY,

        *Plaintiff-Appellant,*                17-746-cv

        v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**      SCOTT G. MILLER, Coughlin & Gerhart, LLP, Binghamton, New York

**FOR DEFENDANT-APPELLEE:**      HEETANO SHAMSOONDAR, Special Assistant U.S. Attorney, Stephen P. Conte, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, *for* Grant C. Jaquith, Interim United States Attorney, Northern District of New York

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 23, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Junelle Perry ("Perry") appeals a decision and order of the District Court granting the motion of Defendant-Appellee Social Security Commissioner ("Commissioner") for judgment on the pleadings, finding that the Commissioner's final decision in Perry's case was based on substantial evidence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On October 1, 2011, Perry filed an application for benefits under Title II of the Social Security Act. Perry alleged that she became unable to work on February 14, 2010. Her application was initially denied on January 10, 2012. Following two further hearings, the Administrative Law Judge ("ALJ") issued an Unfavorable Decision on January 22, 2014. Perry appealed, and the Appeals Council denied her request. In June 2015, Perry filed a complaint in the United States District Court for the Northern District of New York seeking judicial review. The District Court affirmed the Commissioner's denial of benefits.

"When deciding an appeal from a denial of benefits, we focus on the administrative ruling rather than the district court's opinion." *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008). Our review is limited to determining whether the Commissioner's decision is based on legal error or her factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g); *see also Cichoki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013). We conduct a plenary review of the record to determine whether there is substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. *Cichoki*, 729 F.3d at 176. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

Perry first argues that the ALJ failed to properly evaluate the medical opinions of psychiatrist Dr. David Carr, treating counselor Elizabeth Warneck, as well as State agency mental consultant Dr. L. Blackwell. Perry contends that in evaluating Dr. Carr and Warneck's February 2013 medical opinion, the ALJ did not consider the factors set forth in 20 C.F.R. § 404.1527 (the treating physician rule), which requires it to examine the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency, and specialization. Perry also contends that the ALJ failed to provide sufficient reasons for giving the opinion little weight. In addition, she argues that the ALJ erred in according significant weight to the opinion of Dr. Blackwell.

Upon a review of the record, and substantially for the reasons set forth by the District Court, we conclude that the ALJ properly considered the above factors in according little weight to the February 2013 opinion of Dr. Carr and Warneck, and sufficiently explained its reasoning. Here, the ALJ properly considered the February 2013 opinion in light of other substantial evidence in the record, including Dr. Carr and Warneck's subsequent May 2013 opinion, and explained as much in his decision. We also conclude that the ALJ properly afforded significant weight to the opinion of

2

Dr. Blackwell. The ALJ did not rely solely on Dr. Blackwell's opinion, and pursuant to the factors in 20 C.F.R. § 404.1527, he accorded it weight because of Dr. Blackwell's professional credentials and the fact that his assessment was consistent with much of the evidence in the record.

Perry next argues that the ALJ's decision is not supported by substantial evidence. Upon a review of the record, we conclude that the ALJ properly considered each medical opinion and explained his reasoning for the weight afforded to each opinion. We conclude that he based his assessment on the record as a whole, and did not choose selectively from the evidence in reaching his ruling. Since substantial evidence supports the ALJ's findings, we affirm the ALJ's decision.

## CONCLUSION

We have reviewed all of the arguments raised by plaintiff on appeal and find them to be without merit. Accordingly, we **AFFIRM** the January 23, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk