NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 5, 2020
Decided July 1, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-2931

| | |
|---|---|
| JAMES SOSINSKI,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 2:18-cv-1388 |
| ANDREW M. SAUL, Commissioner of Social Security,<br> *Defendant-Appellee*. | Lynn Adelman,<br>*Judge*. |

**O R D E R**

James Sosinski applied for social security disability benefits, alleging that he could not work because he suffers from severe leg pain, back pain, and headaches. After the Social Security Administration denied his application, Sosinski requested a hearing before an administrative law judge. The ALJ applied the five-step process specified in the Social Security Act's implementing regulations (see 20 C.F.R. § 404.1520) and concluded that Sosinski was not disabled. Sosinski then sought judicial review, and the district court upheld the ALJ's decision.

The district court's opinion recounts the pertinent facts in detail. Suffice it here for us to observe that the ALJ found that Sosinski suffered from two severe

impairments—carpal tunnel syndrome and degenerative disc disease—but that neither impairment met or equaled a *per se* disability listing. See 20 C.F.R. Pt. 404, Subpt. P, App. 1; see also 20 C.F.R. § 404.1520(c)–(e). The ALJ then determined Sosinski's residual functional capacity or RFC—his ability to do physical and mental work activities on a sustained basis despite his limitations. See 20 C.F.R. §§ 404.1520(e), 416.920(e). After considering the testimony of a vocational expert, Sosinski's own testimony, and the opinions of two state agency physicians, the ALJ found that Sosinski retained the ability to perform "light work"—a term of art the Social Security Administration uses to categorize jobs that require, among other things, lifting up to 20 pounds and "a good deal of walking or standing." *Id.* § 404.1567(b). The VE testified that a person with Sosinski's RFC could work as a mail clerk, rental clerk, and picker, and that those positions existed in significant numbers in the national economy. Relying on this testimony, the ALJ denied Sosinski's application for benefits. The district court affirmed.

Like the district court, our review asks whether the ALJ's decision finds support in substantial evidence in the administrative record. See *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1151–52 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)). Substantial evidence is not a demanding requirement. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

The ALJ's decision satisfies this deferential standard of review. The district court reached the same conclusion, and we adopt its reasoning and decision. Only one additional point warrants discussion. On the eve of oral argument, we decided *Jeske v. Saul*, 955 F.3d 583 (7th Cir. 2020). *Jeske* supports our affirmance here in two ways.

First, Sosinski contends that the ALJ improperly decided that his impairments did not meet Listing 1.04A (back disorders) because the ALJ had to "discuss the listing by name and offer more than perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). But even if the ALJ does not offer such an analysis, we do not reverse if the claimant fails to show that he meets the criteria for that listing, as Sosinski did here. See *Maggard v. Apfel*, 167 F.3d 376, 379–80 (7th Cir. 1999); see also *Rice v. Barnhart*, 384 F.3d 363, 369–70 (7th Cir. 2004). We reaffirmed this precise principle in *Jeske*. See 955 F.3d 589–91.

Second, Sosinski argues that the ALJ failed to assess his RFC on a function-by-function basis—in other words, to independently address his ability to sit, stand, walk, lift, carry, push, and pull—before determining that he could perform "light work." But several circuits have held that an ALJ's omission of an explicit function-by-function

analysis does not necessarily warrant remand. See, *e.g.*, *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015); *Hendron v. Colvin*, 767 F.3d 951, 956–57 (10th Cir. 2014); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam). In *Jeske* we agreed and joined those circuits in so holding. See 955 F.3d at 595–96. And here the ALJ adequately considered Sosinski's exertional capacity, including the seven strength functions, in reaching the conclusion that he could perform "light work." See *id.* at 596–97.

For these reasons, we AFFIRM.