20-2707-cv
*Moody v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-one.

PRESENT:   AMALYA L. KEARSE,
           GERARD E. LYNCH,
           DENNY CHIN,
                     *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RUSSEL MOODY,
                     *Plaintiff-Appellant,*

           -v-                                    20-2707-cv

COMMISSIONER OF SOCIAL SECURITY,
                     *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        AMY CHAMBERS, Law Offices of Kenneth
                                Hiller, PLLC, Amherst, New York.


FOR DEFENDANT-APPELLEE:         PADMA GHATAGE, Special Assistant United
                                States Attorney (Ellen E. Sovern, Regional

Chief Counsel, Region II, Social Security Administration, *on the brief*), New York, New York, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Bush, *M.J.*).[1]

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Russel Moody appeals the district court's judgment, entered June 18, 2020, dismissing his complaint against defendant-appellee Commissioner of the Social Security Administration (the "Commissioner") challenging the Commissioner's denial of his claims for disability insurance benefits and supplemental security income. By memorandum decision and order also entered June 18, 2020, the district court denied Moody's motion for judgment on the pleadings and granted the Commissioner's cross-motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"In reviewing a district court's decision upholding a decision of the Commissioner, we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the

---

[1] The parties consented to proceeding before a magistrate judge.

Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). "Although we do not require that every conflict in a record be reconciled by the ALJ," we do require "sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Id.* (internal quotation marks omitted).

Moody argues that "the ALJ failed to properly explain" his reasoning in weighing the medical evidence and his "conclusions are contradicted by opinion and evidence." Appellant's Br. at 24. Moody further argues that the ALJ failed to properly develop the record. For substantially the reasons articulated by the district court, we are unpersuaded.

First, the ALJ adequately explained the basis for his opinion, including the relative weight he assigned to the medical evidence. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision." (internal quotation marks omitted)). In fact, as the ALJ explained, he weighed some of the conflicting medical evidence in Moody's favor. *See, e.g.*, App'x at 37 (finding that the state agency consultive examiner "understated [Moody's] limitations" and "accord[ing] this assessment limited weight."). And, as the district

3

court noted, the record contains sufficient support for the ALJ's finding that Moody was capable of performing the full range of sedentary work. *See, e.g.*, Dist. Ct. Dkt. 7 at 538 (Moody was "a well developed, well nourished patient who [wa]s awake, alert, and in no acute distress," had a normal gait, and "move[d] quite well . . . getting up and down from [his] chair quite frequently"); *id.* at 349-356 (Moody reports that, even with his back pain, he is still able to lift weights, prepare meals, and perform non-repetitive household chores).

Second, we agree with the district court that the ALJ adequately developed the record. The ALJ provided Moody's counsel with additional time to supplement the record after the first hearing. Counsel provided the ALJ with additional documentation, and did not indicate during the second hearing that there were any outstanding documents. Further, while Moody argues that the ALJ erred in failing to identify the physician with the illegible signature, the ALJ nonetheless considered the unidentified physician's opinion in making his decision.

* * *

We have considered Moody's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4