22-787
*Hunter v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23ʳᵈ day of March, two thousand twenty-three.

PRESENT: Rosemary S. Pooler,
Richard C. Wesley,
Steven J. Menashi,
*Circuit Judges.*

_____

DOMINIQUE HUNTER,

*Plaintiff-Appellant,*

v.                                No. 22-787

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

_____

*For Plaintiff-Appellant:*  Dominique Hunter, *pro se*, Niagara Falls, NY.

*For Defendant-Appellee*:  Christopher Hurd, Special Assistant U.S. Attorney, Ellen E. Sovern, Associate General Counsel, United States Social Security Administration, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Dominique Hunter, proceeding *pro se*, sought review of a final determination by the Commissioner of Social Security denying her application for disability benefits and supplemental security income. The district court granted the Commissioner judgment on the pleadings, reasoning that substantial evidence supported the decision of the administrative law judge ("ALJ") that Hunter was not disabled within the meaning of the Social Security Act. The ALJ reached that conclusion because he determined that Hunter retained

2

the residual functional capacity ("RFC") to do light work with some limitations and that a person with this RFC could perform Hunter's past work as a debt collector. Hunter appeals. We presume the parties' familiarity with the facts and procedural history.

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 175-76 (2d Cir. 2013)). The substantial evidence standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and emphasis omitted).

A review of the certified administrative record and relevant case law reveals that the ALJ applied the correct legal standards and that the determination that Hunter was not disabled between 2016 and 2019 was supported by substantial evidence. In concluding that Hunter did not have a severe impairment meeting or

equaling a listed impairment, for example, the ALJ relied on Hunter's ability to perform day-to-day activities such as caring for a family member and attending appointments. The ALJ relied on medical records and several medical opinions in concluding that Hunter had the RFC to perform light work with limitations and was capable of performing her past relevant work as a debt collector.

Hunter argues that the ALJ erred at step two of the sequential evaluation, when the ALJ determined that Hunter's physical and psychiatric impairments were not severe and did not meet or equal a listed impairment. However, the ALJ fully considered the conditions and explicitly noted that, even when considered in combination, the conditions caused no more than mild limitations. This conclusion is supported by the medical records before the ALJ.

Hunter also contends that at the disability hearing the ALJ wrongly ignored testimony from the vocational expert who stated that she could not work. But the testimony to which Hunter refers was given in response to hypothetical questions about a claimant with more severe limitations. The ALJ determined that Hunter could work at her previous job as a debt collector, which is supported by the vocational expert's testimony that a hypothetical individual with the limitations Hunter was ultimately found to have could perform that work.

Hunter additionally suggests that the ALJ applied incorrect legal principles. But Hunter does not identify—and we have not identified—a legal error that the ALJ committed. Accordingly, we are not persuaded that the substantial evidence standard is inapplicable.

Finally, Hunter argues that the ALJ did not adequately develop the record. An ALJ has an affirmative duty to develop the record. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). However, Hunter does not specify which providers' records were missing or what those records would show. The record before the ALJ contained numerous medical evaluations and several medical opinions assessing Hunter's physical and mental impairments. The additional records that Hunter submitted to the Appeals Council do not establish a gap in the record before the ALJ that required reconsideration. Her arguments that the ALJ did not help her fully develop the record, or that there are new records that should be considered, are unavailing.

We have considered Hunter's remaining arguments, which we conclude are without merit. Because substantial evidence supports the ALJ's determination that

5

Hunter is not disabled within the meaning of the Social Security Act, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court