23-893-cv
*Rodriguez (Villier) v. Comm'r of Soc. Sec.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-four.

PRESENT:
>            GERARD E. LYNCH,
>            JOSEPH F. BIANCO,
>            MARIA ARAÚJO KAHN,
>                 *Circuit Judges*.

_____

PRISCILLA VILLIER, on behalf of N.D.D.R., N.D.R., and N.E.R., minor children,

>                 *Plaintiff-Appellant*,

>            v.                                                  23-893-cv

COMMISSIONER OF SOCIAL SECURITY,

>                 *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        EMILIA SICILIA, Empire Justice Center, Yonkers, New York (Ann P. Biddle, Shandanette Jane Chase, and Claire Gunner, Urban Justice Center, New York, New York, *on the brief*).

FOR DEFENDANT-APPELLEE:        MOLLY E. CARTER, Special Assistant United States Attorney (Charles J. Kawas, Acting Associate General Counsel, *on the brief*), Social Security Administration, Office of the General

Counsel, Baltimore, Maryland *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on April 27, 2023, is **AFFIRMED**.

Plaintiff-Appellant Priscilla Villier, on behalf of three minor children, appeals from the district court's judgment affirming the Commissioner of Social Security's denial of the late Daniel Rodriguez's application for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1]  The district court found that the administrative law judge ("ALJ") applied the correct legal standards and that substantial evidence supported the ALJ's determination that Rodriguez was not entitled to DIB or SSI.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

When deciding an appeal from a denial of disability benefits, this Court conducts "a plenary review of the administrative record" and focuses on the administrative ruling more than the district court's decision.  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam).  "[W]e review the administrative record *de novo* to determine whether there is substantial evidence supporting

---

[1]  Daniel Rodriguez originally was the named plaintiff in the district court and brought this appeal on his own behalf; however, he died in December 2023, and thus Priscilla Villier, on behalf of three minor children, was substituted as the Plaintiff-Appellant.  Because this substitution had no practical effect on the litigation, we adhere to the previous party designations for the sake of convenience, as Villier does in her reply brief.

the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks and citation omitted). Substantial evidence, in this context, means "more than a mere scintilla. . . . [and] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian*, 708 F.3d at 417 (internal quotation marks and citation omitted). In other words, this Court "may vacate the agency's disability determination only if it is based on legal error or unsupported by 'substantial evidence'—that is, if no reasonable factfinder could have reached the same conclusion as the ALJ." *Schillo v. Kijakazi*, 31 F.4th 64, 69 (2d Cir. 2022).

On appeal, Rodriguez contends that, in denying his disability claim notwithstanding his mental impairments, the ALJ did not properly evaluate the opinion evidence from Rodriguez's psychiatrist, Jaswinderjit Singh, M.D., and from the mental health consultative examiner who examined him at the request of the Commissioner, Mentwab Wuhib, Ph.D. In particular, Rodriguez argues that "[t]he ALJ improperly applied the factors of supportability and consistency when assessing the persuasiveness of Dr. Singh's and Dr. Wuhib's medical opinions," and suggests that those opinions "identify two marked limitations in areas of mental functioning that, if found the most persuasive, would yield a finding of disabled." Appellant's Br. at 17.

In evaluating the persuasiveness of a medical opinion, an ALJ must consider five central factors, the two "most important factors" being supportability and consistency. 20 C.F.R. § 404.1520c(a). Supportability refers to the relevance of "the objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)," *id.* § 404.1520c(c)(1); consistency refers to how "consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other . . . sources," *id.*

3

§ 404.1520c(c)(2). The ALJ is required to explain how he or she "considered the supportability and consistency factors." *Id.* § 404.1520c(b)(2). As set forth below, we find Rodriguez's challenges to the ALJ's application of the supportability and consistency factors to be unpersuasive and conclude that the ALJ's determination was based on substantial evidence.

With regard to Dr. Singh, the ALJ reasonably found Dr. Singh's opinion that Rodriguez had mild to extreme limitations in various areas of work-related mental functioning to be unsupported. The ALJ did not discount Dr. Singh's opinion based solely on the ground that his opinion was presented on a check-box form. Instead, the ALJ explained that, not only were Dr. Singh's findings unsupported by any explanation within that report itself, but they were also inconsistent with Dr. Singh's own treatment records, which routinely reflected normal findings for approximately two years. *See* Administrative Record ("AR") at 21 (ALJ noting that "[t]he limitations [Dr. Singh] assessed are inconsistent with the normal findings to relatively mild abnormalities described on multiple mental status examinations, including those he himself performed."). For example, the ALJ observed that "[o]n multiple examinations, Dr. Singh noted that [Rodriguez] was alert and oriented with linear and goal-directed thought processes, and within normal motor activity, speech and behavior/functioning." AR at 21; *see also id.* ("On his initial evaluation of [Rodriguez], Dr. Singh also described [Rodriguez] as cooperative with good eye contact, average intelligence, intact memory, adequate concentration, good insight, and adequate judgment and impulse control.").

Based upon our review of the record, we discern no error in the ALJ's explanation or his findings with respect to Dr. Singh's opinion. Rodriguez points to portions of Dr. Singh's treatment notes, which reflect that, at times, Rodriguez experienced anxiety and panic attacks. However,

4

even when these symptoms worsened in 2019, Dr. Singh continued to find that Rodriguez exhibited normal behavior and cognitive function. In other words, Dr. Singh's opinion that Rodriguez had marked and extreme limitations was not supported by his own treatment notes, which indicated that there were no significant differences in Rodriguez's mental function when he did and did not exhibit anxiety and panic attacks. Moreover, that opinion conflicts with other medical opinions in the record. Two State agency psychological consultants, H. Rozelman, Ph.D., and E. Gagan, Ph.D., considered the medical record, including Dr. Singh's treatment and opinion, and concluded that Rodriguez could perform simple work and make simple decisions, and that Rodriguez had, at most, moderate mental limitations. Further, as discussed below, Dr. Singh's opinion also conflicted with that of the consultative mental health examiner, Dr. Wuhib. In short, we find no error in the ALJ's application of the supportability and consistency factors as it relates to the assessment of Dr. Singh's opinion, and substantial evidence supports the ALJ's findings.

We reach the same conclusion regarding the ALJ's findings with respect to the opinion of Dr. Wuhib. Rodriguez does not challenge determinations by the ALJ that certain of Dr. Wuhib's assessments were persuasive. Dr. Wuhib "opined that [Rodriguez] had no limitations in his ability to understand, remember or apply simple directions and instructions, use reason and judgment to mark work-related decisions, sustain concentration and perform a task at a consistent pace, maintain personal hygiene and appropriate attire, and be aware of normal hazards and take appropriate precautions." AR at 20. The ALJ further noted that Dr. Wuhib also "opined that [Rodriguez] was mildly limited in his ability to understand, remember and apply complex directions and instructions" and "that [he] was moderately limited in interacting adequately with supervisors, coworkers and the public." *Id*. The ALJ explained that it found Dr. Wuhib's

5

assessment of these specific functional abilities to be persuasive because "[s]uch limitations are supported by normal findings to minimal abnormalities noted by Dr. Wuhib on her examination of [Rodriguez], and they are consistent with similar normal findings and minimal abnormalities noted by other providers on examination of [Rodriguez]." *Id*.

However, Rodriguez challenges the ALJ's determination that Dr. Wuhib's opinion was unpersuasive "with respect to the moderately to markedly limited sustaining an ordinary routine and regular attendance at work, or the markedly limited regulating emotions, controlling behavior and maintaining well-being." *Id*. We find that the ALJ did not err in finding this opinion neither supported by nor consistent with the record. The ALJ explained that he found these assessments to be unpersuasive because they were not supported by Dr. Wuhib's own notes, nor were they supported by the findings of Drs. Rozelman and Gagan who, as noted above, reviewed the medical record (including Dr. Wuhib's opinion) and found only moderate limitations in Rodriguez's abilities, which they supported with detailed rationales based upon the record. Furthermore, with regard to consistency, the ALJ reasonably found Dr. Wuhib's determinations of moderate to marked, and marked, limitations to be "inconsistent with the consistently noted normal behavior/function, and with the reported daily child care and cleaning." *Id.* at 20–21 (record citations omitted); *see also* 20 C.F.R. § 404.1529(c)(3)(i) (explaining that an ALJ may consider the claimant's daily activities in evaluating the consistency of allegations of disability with the record as a whole); *Medina v. Comm'r of Soc. Sec.*, 831 F. App'x 35, 36 (2d Cir. 2020) (summary order) (finding ALJ properly considered daily activities in determining consistency with alleged symptoms). Thus, contrary to Dr. Wuhib's finding that Rodriguez was more limited in these functional areas, the ALJ's determination that Rodriguez could perform simple work and make

simple decisions was consistent with, and supported by, the opinions of Drs. Rozelman, and Gagan, as well as the evidence before the ALJ of Rodriguez's ability to engage in a range of daily activities,[2] all of which the ALJ articulated. To the extent Rodriguez faults the ALJ for failing to explicitly discuss the consistency of each medical opinion with specific other opinions, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted).

In sum, we find that the ALJ sufficiently assessed the supportability and consistency factors with regard to the opinions of Dr. Singh and Dr. Wuhib, and that substantial evidence supports the ALJ's evaluation of the medical opinion evidence, as well as the ultimate determination that Rodriguez was not disabled. At their core, Rodriguez's arguments suggest that the ALJ should have weighed the evidence in the record differently. However, as we have repeatedly emphasized, "it is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998); *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) ("Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."); *Balsamo v. Chater,* 142 F. 3d 75, 81 (2d Cir. 1998) (emphasizing that "an ALJ is free . . . to choose between properly submitted medical opinions" (alteration adopted) (internal quotation marks and citation omitted)). Therefore, we discern no basis to disturb the ALJ's determination.

---

[2] With respect to daily activities, the ALJ noted that Rodriguez reported that "he dressed, bathed and groomed himself independently, cleaned every day, managed money, did child care every day, watched television, listened to the radio and read." AR at 18-19.

     \*     \*     \*

  We have considered Rodriguez's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk of Court