18-622-cv
*Byrne v. Berryhill*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand nineteen.

PRESENT:     GUIDO CALABRESI,
             JOSÉ A. CABRANES,
             RICHARD C. WESLEY,
                     *Circuit Judges.*

---

JOSEPH BYRNE,

              *Plaintiff-Appellant,*                    18-622-cv

          v.

NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,

              *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          CHRISTOPHER JAMES BOWES, Shoreham, NY.


**FOR DEFENDANT-APPELLEE:**          DARA A. OLDS, Assistant United States Attorney (Varuni Nelson and Arthur Swerdloff, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

1

Appeal from an order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **VACATED AND REMANDED**.

Plaintiff-Appellant Joseph Byrne ("Byrne") appeals a decision and order of the District Court granting the motion of Defendant-Appellee Acting Social Security Commissioner ("Commissioner") for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On October 18, 2013, Byrne filed an application for benefits under Title II of the Social Security Act. Byrne alleged that he has been unable to work since July 27, 2009. His application was initially denied on December 11, 2013 and denied again upon reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"), which occurred on May 12, 2015. Following the hearing, the ALJ issued an unfavorable decision on August 28, 2015. Byrne appealed to the Appeals Council, which denied his request on April 12, 2016. On June 15, 2016, Byrne filed a complaint in the United States District Court for the Eastern District of New York seeking judicial review. The District Court affirmed the Commissioner's denial of benefits on January 5, 2018.

We review a district court's judgment on the pleadings de novo. *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008). Our review is limited to determining whether the Commissioner's decision is based on legal error or her factual findings are not supported by substantial evidence. 42 U.S.C. § 405(g); *see also Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013). We conduct a plenary review of the record to determine whether there is substantial evidence to support the Commissioner's decision and whether the correct legal standards were applied. *Cichocki*, 729 F.3d at 175–76. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

Byrne argues principally that the ALJ violated the "treating physician rule" by assigning "less weight" to the opinions of Byrne's treating physicians, including two opinions from Dr. Mitchell Goldstein. The treating physician rule provides that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)). But the ALJ may decline to assign controlling weight to the opinion of a treating physician where it is inconsistent with other

2

substantial evidence in the record. *Id.* While the opinion of a consultative examiner may constitute substantial evidence, we have cautioned that "ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013); *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990). If an ALJ concludes that a treating physician's opinion should not be given controlling weight, the regulations require the ALJ to consider several factors to determine the proper weight to assign. *See* 20 C.F.R. § 404.1527(c)(2). After considering these factors, the ALJ must provide a meaningful explanation for assigning a particular weight to a treating physician's opinion. "Failure to provide such good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." *Burgess,* 537 F.3d at 129–30 (internal quotation marks omitted).

In this case, the ALJ assigned "less weight" to four opinions provided by three separate treating physicians. The ALJ rejected Dr. Goldstein's medical source statement of April 22, 2015 because he concluded it was "unsupported by the diagnostic testing" and because the ALJ believed it conflicted with his notes that physical therapy and home exercise had been helpful. Tr. 54. Moreover, the ALJ stated that "the ultimate issue of inability to work is a decision reserved to the Commissioner." *Id.* The ALJ rejected Dr. Goldstein's May 3, 2015 opinion, Dr. Vlattas's April 16, 2015 report, and Dr. Hearns's May 10, 2015 report because they were "unsupported by the diagnostic testing" and because "the ultimate issue of inability to work is a decision reserved to the Commissioner." *Id.* at 57-58.

The ALJ's conclusory reasons for declining to assign "controlling weight" and instead assigning "less weight" to four opinions from three treating sources falls well short of satisfying the requirements of 20 C.F.R. § 404.1527. As to Dr. Goldstein's April 22, 2015 medical source statement, Dr. Goldstein noted that his findings were based in part on a series of MRIs of Byrne's knees, shoulders, pelvis, and spine. In his May 3, 2015 narrative report, Dr. Goldstein further noted various MRIs, X-rays, and other diagnostic tools utilized in the course of treatment to evaluate Byrne's various orthopedic injuries. The ALJ failed to explain why the various diagnostic tests cited in both opinions were insufficient to support Dr. Goldstein's conclusions. Additionally, the ALJ found that Dr. Goldstein's April 22, 2015 was inconsistent with treatment notes indicating that physical therapy and home exercise had been "helpful." Tr. 305. But there is no apparent contradiction between the limitations described in the April 22, 2015 report and the fact that physical therapy and home exercise had been "helpful."

In sum, the ALJ's conclusory reasons for rejecting the opinions of Dr. Goldstein do not provide a basis to decline to assign Dr. Goldstein's opinions controlling weight. Moreover, the ALJ did not appear to consider the statutory factors and provide "good reasons" for assigning "less weight" to each of these opinions. This failure contravenes the regulations and requires remand.

**CONCLUSION**

For the foregoing reasons, we **VACATE** the decision and order of the District Court and **REMAND** the cause to the Commissioner for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk