20-1102-cv
*Barrere v. Saul*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-one.

PRESENT:   DENNY CHIN,
           MICHAEL H. PARK,
                    *Circuit Judges*,
           VICTOR A. BOLDEN,
                    *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


STEVEN BARRERE,
                    *Plaintiff-Appellant,*


            -v-                                          20-1102-cv


ANDREW SAUL,
                    *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


---

\*          Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

FOR PLAINTIFF-APPELLANT:        CHRISTOPHER JAMES BOWES, Shoreham, New York.

FOR DEFENDANT-APPELLEE:        CANDACE SCOTT APPLETON, Assistant United States Attorney (Varuni Nelson, Arthur Swerdloff, Assistant United States Attorneys, *on the brief*), *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Steven Barrere appeals from a judgment of the district court entered January 30, 2020, denying his motion for judgment on the pleadings and granting the cross-motion for judgment on the pleadings of defendant-appellee Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), and upholding a decision of the Commissioner denying Barrere's claim for disability insurance benefits. On appeal, Barrere argues that the decision of the Administrative Law Judge (the "ALJ") denying him disability benefits -- following a traumatic brain injury that caused behavioral and emotional disorders -- was not supported by substantial evidence. Barrere also argues that, in reviewing the ALJ's decision, the Appeals Council improperly rejected new and material evidence. We assume the

2

parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's decision to grant judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a benefits determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). Substantial evidence is "evidence that a reasonable mind might accept as adequate to support a conclusion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). And "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (internal quotation marks and emphasis omitted).

Barrere argues that the district court erred in affirming the ALJ's decision because the ALJ ignored critical evidence supporting his disability claim. But as the district court explained, the ALJ's failure to specifically address all of Barrere's evidence is not fatal to its disability finding because the "ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'" S. App'x at 8 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)). And here we can glean the rationale of the ALJ's decision, as the

3

record contains robust support for the finding that Barrere was not disabled. *See, e.g.,* Certified Administrative Record ("CAR") at 90 (Barrere had no difficulties in maintaining concentration, persistence, or pace; only mild difficulties completing "activities in daily living"; and moderate difficulties in maintaining social functioning); *id.* at 94 (Barrere is able to travel by himself and get to appointments on time); *id.* at 284 (Barrere's "cognitive functioning is largely intact with multiple cognitive strengths"); *id.* at 287 (Barrere had the highest possible score on a "Mini-Mental State Examination," indicating that, at worst, he suffered from mild cognitive impairment); *id.* at 301 (Barrere "denie[d] having any anxiety" and "any depression"); *id.* at 332 (Barrere "cooperated for . . . testing, although mood shifts and irritability were displayed"); *id.* at 222, 330 (Barrere earned a blackbelt in martial arts since his injury and teaches karate to children four hours per week).

Even though there is also evidence in the record to the contrary, *see, e.g.,* CAR at 364-65 (Barrere has an inability to, among other things, remember locations and work-like procedures, understand and remember short and simple instructions, get along with co-workers and peers without distracting them),[1] and even though "an analysis of the substantiality of the evidence must also include that which detracts from

---

[1]    Dr. Stanley Hertz's report, in which these conclusions were made, has some shortcomings -- such as checking boxes without providing narrative responses and reaching a conclusion that is not consistent with other evidence in the record -- that permit the ALJ to afford his conclusions limited weight. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

its weight," *Quinones ex rel. Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997) (internal quotation marks omitted), "we defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *see DeChirico v. Callahan*, 134 F.3d 1177, 1182-83 (2d Cir. 1998) (where "substantial evidence in the record" supported claimant's account, "[b]ut there was also substantial evidence in the record from which the ALJ could have reasonably" ruled against the claimant, "we cannot say that the ALJ's finding . . . was unsupported on the record"); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982) ("factual findings of the [agency], if supported by substantial evidence, shall be conclusive," even if "our own interpretation of the evidence" would lead to a different result). Accordingly, we affirm the judgment below because we agree that the ALJ's ruling is supported by substantial evidence.

Barrere also argues that the Appeals Council improperly rejected new and material medical evidence -- that is, a July 11, 2017 Neuropsychological Evaluation prepared by Dr. Cindy L. Breitman, which concluded that Barrere is "fully disabled." CAR at 25. But for substantially the reasons set forth by the district court, we agree that the Appeals Council did not improperly disregard material evidence. Dr. Breitman specifically stated that she considered Barrere disabled "at this time," meaning July 11, 2017 -- two months after the ALJ's determination. CAR at 25. And Barrere has not

5

persuaded us that there is a reasonable probability that this report -- which was not based on any functional assessment of Barrere and which contained objective findings that supported the ALJ's determination -- would have changed the outcome of the ALJ's decision. *See* 20 C.F.R. § 416.1470(a)(5).  Accordingly, we reject Barrere's argument that the Appeals Council or the district court erred by disregarding new and material evidence.

*   *   *

We have considered Barrere's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6