21-2947-cv
*Ryan v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand twenty-two.

Present:
> JOHN M. WALKER, JR.,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

AMANDA JEANNE RYAN, ON BEHALF OF V.D.C.,

> *Plaintiff-Appellant,*

> v.                                                      21-2947-cv

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

For Plaintiff-Appellant:      ALECIA A. ELSTON, Segar & Sciortino, Rochester, NY.

For Defendant-Appellee:      NAHID SOROOSHYARI (Michelle L. Christ & Kelly Z. Toledano, Special Assistant United States Attorneys; Ellen E. Sovern, Regional Chief Counsel – Region II, Social Security

Administration; Trini E. Ross, United States Attorney, Western District of New York, *on the brief*), United States Social Security Administration, Office of the General Counsel, Baltimore, MD.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Amanda Jeanne Ryan, on behalf of her then-minor child V.D.C., appeals from the October 7, 2021 district court judgment affirming the Commissioner of Social Security's denial of her Supplemental Security Income (SSI) application. We assume the parties' familiarity with the underlying facts, the proceedings below, and the arguments on appeal.

When reviewing an appeal from a denial of Social Security benefits, we focus on the administrative decision instead of the opinion of the district court. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). This Court reviews the entire administrative record to determine whether the administrative decision is supported by substantial evidence. *McIntyre v. Colvin,* 758 F.3d 146, 149 (2d Cir. 2014). "Substantial evidence" is "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks omitted).

Part of the multi-step process for determining a child's disability under the Social Security Act requires that their impairments—either alone or in combination—meet, medically equal, or functionally equal the severity of a listed impairment. 20 C.F.R. §§ 416.902(h), 416.906, 416.924,

416.926a. If the child's impairments do not meet or medically equal a listed impairment, the agency will then examine whether their impairments functionally equal any listing. *Id.* § 416.926a(a). Functional equivalence is assessed under six "domains": (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. *Id.* § 416.926a(b)(1); SSR 09-3p, Title XVI: Determining Childhood Disability—The Functional Equivalence Domain of "Acquiring and Using Information," 74 Fed. Reg. 7511 (Feb. 17, 2009).

A child's impairments functionally equal the severity of a listed impairment if they result in "marked" limitations in at least two domains or an "extreme" limitation in at least one domain. 20 C.F.R. § 416.926a(a). A marked limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2). It is "more than moderate" but "less than extreme." *Id.* "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* An extreme limitation, on the other hand, "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3). It is "more than marked" and "is the rating [that the Social Security regulations] give to the worst [functional] limitations." *Id.* "It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.*

On appeal, Ryan argues that the ALJ erred in concluding that V.D.C. has marked limitation only in the domain of attending and completing tasks and not also in the domain of acquiring and using information. She argues that V.D.C.'s combined impairments—Attention Deficit

Hyperactivity Disorder ("ADHD"), anxiety, unspecified mood disorder, learning disorder, and traumatic brain injury ("TBI")—established marked limitation in acquiring and using information. She also contends that the ALJ failed to adequately explain his conclusion regarding this domain. We address each argument in turn.

Substantial evidence supports the ALJ's finding that V.D.C. had less than marked limitation in acquiring and using information. The ALJ carefully assessed the complete record, which includes school records, hearing testimony, treatment notes, and medical opinion evidence. Following discussion of the evidence, the ALJ reasoned that V.D.C. passed to every grade level without being held back, that he showed improvement with academic grades and intellectual tests, on which he scored at or near the average range, and that no consultative examiner determined that V.D.C. had marked or extreme limitation in acquiring and using information. We therefore believe there is "more than a mere scintilla" of evidence to support the ALJ's conclusion regarding V.D.C.'s ability to acquire and use information. *Richardson,* 402 U.S. at 401 (internal quotation marks omitted).

We also independently reviewed the record and discern no error. None of the purportedly contrary evidence that Ryan highlights, such as the December 2015 Teacher Questionnaire prepared by Teresa Singh, would require a reasonable factfinder to conclude that V.D.C. had at least a marked limitation in acquiring and using information. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("[O]nce an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." (internal quotation marks and emphasis omitted)). We are unable to remand on this basis.

Ryan also mistakenly contends that the ALJ breached a duty to explain his rationale. "An ALJ does not have to state on the record every reason justifying a decision" and "is not required to discuss every single piece of evidence submitted." *Id.* Here, the ALJ thoroughly discussed the pertinent evidence and then explained his rationale, albeit briefly, regarding V.D.C.'s lack of functional limitations in acquiring and using information. Even assuming, *arguendo*, that the ALJ failed to provide an express rationale for his conclusions, we would not be prevented from upholding them so long as we are "able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982) (per curiam). We therefore decline to remand for a clearer explanation because, looking at the whole decision, we are not "'unable to fathom the ALJ's rationale in relation to evidence in the record.'" *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (quoting *Berry*, 675 F.2d at 469).

Upon considering Ryan's other arguments, we find them to be without merit. We affirm the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5