23-712-cv
*Henderson v. O'Malley*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

GWENDOLYN HENDERSON,

> *Plaintiff-Appellant,*

> v.                                                      23-712-cv

MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*<sup>*</sup>

---

FOR PLAINTIFF-APPELLANT:          Gwendolyn Henderson, *pro se*, West Haven, Connecticut.

FOR DEFENDANT-APPELLEE:          KATHRYN POLLACK, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, Baltimore, Maryland

---

<sup>*</sup> The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order. *See* Fed. R. App. P. 43(c)(2) (providing for automatic substitution of a public officer's successor).

(Ellen E Sovern, Assistant United States Attorney, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, Connecticut, *on the brief*).

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 27, 2023, is **AFFIRMED**.

Plaintiff-Appellant Gwendolyn Henderson, who proceeds *pro se* on appeal but was represented by counsel in the district court, appeals from the district court's judgment affirming a decision of the Commissioner of Social Security denying her Disability Insurance Benefit and Supplemental Security Income benefits claims. Henderson argued before the district court that the Administrative Law Judge ("ALJ") erred in finding that she had the residual functional capacity ("RFC") to perform medium-level work subject to certain limitations. The magistrate judge issued a Report and Recommendation ("R&R"), which recommended affirming the ALJ's decision, reasoning that the ALJ's RFC determination was supported by substantial evidence. After considering Henderson's objections, the district court adopted the R&R and entered judgment for the Commissioner. *See generally Gwendolyn H. v. Kijakazi*, No. 3:22-CV-00433-MPS, 2022 WL 19406189 (D. Conn. Dec. 16, 2022), *report and recommendation adopted*, 2023 WL 2624338 (D. Conn. Mar. 24, 2023). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

2

When reviewing a district court's judgment upholding an adverse benefits determination, we review the administrative record *de novo* "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). Under the substantial evidence standard, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (internal quotation marks and citation omitted).

As a threshold matter, we note that Henderson's brief focuses primarily on new issues she did not pursue in the district court. We generally do not reach issues or arguments raised for the first time on appeal to this Court. *See Holland v. Goord*, 758 F.3d 215, 223 (2d Cir. 2014); *see also Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("[W]here the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review."). Moreover, because arguments *not* raised on appeal are abandoned, even when a litigant is *pro se*, the fact that Henderson's brief largely omits discussion of the issues she pursued in the district court would itself be a ground upon which we could affirm. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (holding that *pro se* litigant "waived any challenge" to the district court's adverse ruling by mentioning it only "obliquely and in passing" in opening brief).

In any event, even liberally construing Henderson's *pro se* brief as raising those issues she preserved via her timely objections to the magistrate judge's R&R, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (per curiam), we affirm on the merits. When determining RFC, an ALJ must consider a claimant's testimony as to her pain and other limitations

3

but may exercise discretion in weighing the credibility of that testimony in light of the other evidence in the record. *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam). In exercising that discretion, "[a]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted). In addition, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

The ALJ's decision not to credit Henderson's testimony as to her symptoms was a reasonable one, because Henderson's testimony about the severity of her symptoms—such as difficulty focusing, limited energy, and inability to interact appropriately with the general public—was inconsistent with the opinions of medical consultants that her limitations were not a barrier to certain low-skill work. Henderson's testimony was also inconsistent with parts of her treatment history.

The ALJ's RFC determination was also supported by substantial evidence. Contrary to Henderson's arguments before the district court, the ALJ did not ignore the portions of the agency consultant opinions favorable to Henderson. Even though the consultants noted that Henderson had some mental limitations, the consultants also found that her limitations were not severe enough to bar her from low-skilled work. Henderson's argument that the ALJ's RFC did not account for some of her limitations—including "occasional off-task behavior due to distraction," "reduced pace," inability to interact with coworkers or supervisors, and "occasional insubordination," 3:22-cv-00433 (JAM), ECF No. 14 at 24–25—is unavailing because nothing in the record supports the

4

conclusion that these limitations would bar her from all employment.  In any event, the ALJ's RFC determination accounted for these additional limitations identified by Henderson.  Finally, to the extent that Henderson argues that the ALJ should have weighed other evidence in the record more heavily than the consultants' opinions, "it is up to the agency, and not this court, to weigh conflicting evidence in the record."  *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998); *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) ("Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner.").

*        *        *

We have considered Henderson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.  Henderson's motion to remand is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5